Mr. Justice Clayton
delivered the opinion of the court.
The bill of interpleader necessarily admits the indebtedness of the complainant. The defendant Izod has dismissed his garnishment, and withdrawn his claim. Of course the complainant is bound to pay the other defendant, Yarborough. The only question is, as to the kind of funds for which he is responsible — whether he can pay in Union post-notes, or is bound for par funds. Knight alleges, that he was authorized to receive the Union post-notes, by Organ; but when the authority was given is not stated. At the time of the payment Organ had left the country, and had transferred the receipt of Knight for the claim, to Yarborough. It does not appear when he received notice of this transfer. Knight was authorized to collect the debt, for which the receipt was given, to pay his own claims, and pay the balance to Organ. Before the money was paid to him by Izod, he was informed that Yarborough claimed it. He refused to permit the sheriff Izod to retain it, and apply it to executions which he held against Organ and Yarborough, which Yarborough had directed to be done. He received five hundred and forty-two dollars, when, by his own showing, Organ only owed him one hundred and thirty-five i7o°0 dollars. We think his refusal to permit the application of the money to the payment of the executions against Organ and Yarborough made the subsequent holding of the notes at his own risk. At that time there were no proceedings against him to restrain such payment, and the sheriff was willing to receive the notes at par. The evidence is, that they were then current at par.
The decree below was rendered against him for the whole amount received by him. This was erroneous. He was entitled to credit for the balance of account, which he shows Organ owed him.
The decree will be reversed, and the cause remanded for further proceedings, in accordance with this decision.